## PHILAD. SAVINGS INSTITUTION v. SMETHURST.

### SAME v. FRITZ.

December 19, 1840.

*Demurrer.*

A. sues B. and declares on promissory notes. B. pleads in abatement an attachment of execution for a large amount, issued in a suit wherein C. was plaintiff and A. defendant, laid on the debt due A., and wherein B. was sum-

---

[a] The same point has been recently ruled in the Common Pleas of the City and County of Philadelphia.

moned as garnishee, under the act of 16th June, 1836, relating to executions. A. demurred to this plea and defendant joined: *Held,*

1. That this was a defence in this action, and judgment was rendered on the demurrer for the defendant.

2. That the attachment of execution was properly pleadable in abatement.

IN these cases, the Philadelphia Savings Institution were plaintiffs, and Robert E. Smethurst and Peter Fritz were the defendants respectively.

In each of the cases, the plaintiffs declared against the defendants in *assumpsit* upon certain promissory notes, &c.

The defendants severally pleaded in abatement, that after the issuing of the writ in the respective cases, an alias writ of attachment was issued out of the court against the plaintiffs in the action, on which the present defendants were summoned as garnishees, &c. (Prout said plea hereto annexed.)

The plaintiffs demurred generally to this plea, and the defendants joined in the demurrer.

Defendant's pleas.

"And the said defendant, by William M. Meredith and Charles E. Lex, his attorneys, comes and defends the wrong and injury when, &c., and prays judgment of the writ and declaration thereon, because he says that after the issuing of the said writ, to wit, on the first day of June one thousand eight hundred and forty, a certain alias attachment of execution was issued out of the said District Court for the City and County of Philadelphia, at the suit of James Garvin, to the use of Thomas Reeves, junior, John Garrison, and Benjamin F. Johnson, under the firm of Reeves, Garrison and Company, against the said Philadelphia Savings Institution, returnable at September term of the same year of the said court, and numbered one of the said term by which said writ, which hath been duly served on the said Peter Fritz, as one of the parties thereto, by the sheriff of the county of Philadelphia, it was made known to him, the said Peter Fritz, that he, together with Henry Huber, junior, and David Winebrener, executors of F. A. Huber, deceased, Thomas T. Ash, Robert Smethurst, and Henry Huber, junior, should be and appear before the said court, on the first Monday in September of the said year, to show if any thing he has or knows to say, why a certain judgment obtained in the said District Court, on the

[Philadelphia Savings Institution v. Smethurst.   Same v. Fritz.]

twenty-first day of December eighteen hundred and thirty-nine, by the said James Garvin, to the use of said Thomas Reeves, junior, John Garrison, and Benjamin F. Johnson, under the firm of Reeves, Garrison & Co., in the sum of nine thousand one hundred and ninety dollars and fifty cents, besides costs of suit, should not be levied of the effects of the said the Philadelphia Savings Institution, in the hands of the said Peter Fritz and the said Henry Huber, junior, and David Winebrener, executors of F. A. Huber, deceased, Thomas T. Ash, Robert Smethurst, and Henry Huber, junior, who are named as garnishees in the said writ, as by the record and proceedings thereof remaining in the said court more fully appears.   And the said defendant further saith, that the said the Philadelphia Savings Institution, the party plaintiff in this writ, and the said the Philadelphia Savings Institution, the party defendant in the said alias writ of attachment of execution, are the same and not other or different persons; and that the supposed causes of action in this and the said writ of attachment are, and each and every of them are, the same, and not other or different causes of action; and that the said alias attachment of execution so brought and prosecuted against the said defendant, as one of the garnishees therein, by the said James Garvin, to the use of the said Thomas Reeves, junior, John Garrison, and Benjamin F. Johnson, under the firm of Reeves, Garrison and Co. as aforesaid, is still depending in the said District Court for the City and County of Philadelphia, and this the said defendant is ready to verify.

" Wherefore he prays judgment of the said writ and declaration on this suit, and that the same may be quashed, &c."

*T. I. Wharton*, for plaintiff.
*Lex* and *Meredith*, for defendants.

The counsel cited *Serg. on Att.*, 149, 150, 163 ; 5 *Johns. Rep.* 101 ; Acts of 1836 relating to *attachments* and *executions*, (*Stroud's Purd. tit. Foreign Attachment and Execution.*)

PER CURIAM.—The attachment of execution is a defence so far as to prevent the plaintiff's right to recover the debt due.   The judgment of the attaching creditor is more than the amount claimed of record by the plaintiff.   If it were less, then the defence would go to its amount, and the plaintiff would be entitled

[Philadelphia Savings Institution v. Smethurst.   Same v. Fritz.]

to recover the difference between that and the whole amount of his claim.   And this attachment is properly pleadable in abatement of plaintiff's writ, because it is a collateral defence, not a defence upon the ground that the defendant is not indebted to the plaintiff.

Judgment for defendants.